IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR 05-21 |
| vs. | ) | |
| FRANK THURN, | ) | **SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF AN UPWARD DEPARTURE** |
| Defendant. | ) | |

Defendant's sentencing is set for September 7, 2005 at 3:30 p.m. The only issue is the government's motion for an upward departure. Defendant's total adjusted offense level is 15, criminal history category I, sentencing range of 18 to 24 months.

**ARGUMENT**

The district court has the authority to depart upward and sentence defendant above the guideline range of 24 months. The Court may depart upward under USSG §4A1.3 as defendant's criminal history category significantly under-represented the seriousness of his criminal history, and it is likely defendant will commit further crimes. See, *United States v. Mingo-Flores*, 223 F.Supp.2d 1016 (N.D.IA. 2002) affm'd *United States v. Mingo-Flores*, 336 F.3d 760 (8th Cir. 2003).

Just as the sentencing range of 18-24 months suggested by the Guidelines fails to take account of the likelihood that defendant will commit other crimes, it also fails to reflect the seriousness of the crimes he has already committed. Despite having a criminal history score of zero, defendant has 9 criminal convictions. Defendant has

been fined $155 and spent 2 years and 9 months in confinement.[1]  Defendant had three felony offenses either dismissed or reduced to lessor charges via a plea agreement.  (PSIR ¶ 31; 33; 36).  Two of defendant's nine convictions involved firearms.  Defendant's record is not that of a typical category I offender.  Instead, his criminal history score reflects the lenient treatment he has received on his past convictions.  See United States v. Lang, 898 F.2d 1378,1380 (8th Cir. 1990) (sentencing court properly based decision to depart from Guidelines on fact that defendant committed a series of crimes for which he received probation or other lenient treatment, including reduction of charges through plea bargaining on two occasions).  This Court may depart upward in defendant's sentence due to an inadequacy of defendant's criminal history score.  Sentencing Guideline §4A1.3 provides:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

A departure based on a finding that defendant's criminal history category does not adequately reflect the seriousness of defendant's past criminal conduct or the likelihood that defendant will commit other crimes is an "encouraged" factor under the analysis of *Koon v. United States*, 116 S.Ct. 2035, 2048 (1996); *United States v. Sample,* 213 F.3d 1029, 1032 (8th Cir. 2000); *United States v. Washington*, 109 F.3d 459, 461 (8th Cir. 1997).

---

[1] See, *United States v. Herr*, 202 F.3d 1014, 1016 (8th Cir. 2000) (noting defendant's lenient sentence for his prior crimes had not deterred him from committing additional offenses).  Even here, had the law not changed regarding the assault weapon ban, defendant would be facing a higher base offense level.  (PSIR 7; note 1).

2

The Eighth Circuit has set out a step by step procedure to use in deciding on the degree of departure:

> To impose an upward departure under § 4A1.3, the sentencing court must first proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category ... Though our prior cases do not make compliance with § 4A1.3 a 'ritualistic exercise,' the record must reflect that this Guideline has been properly applied.

*United States v. Collins,* 104 F.3d 143, 145 (8th Cir. 1997) (citing *United States v. LeCompte,* 99 F.3d 274, 280 (8th Cir. 1996)). The Court may rely on the PSIR's rendition of defendant's criminal history and the facts therein if defendant does not dispute the PSIR. *United States v. Joshua,* 40 F.3d 948, 952 (8th Cir. 1994); *United States v. Flores,* 9 F.3d 54, 55-56 (8th Cir. 1993).

The Background Commentary to § 4A1.1 indicates that similarity of the current offense to prior offenses may be a ground for criminal history departure under §4A1.3. Departures on this ground have been upheld in part because such similarity indicates a greater likelihood defendant will commit future crimes. *United States v. Carey,* 898 F.2d 642, 646 (8th Cir. 1990). In determining the appropriateness of an upward departure, a district court may "take into account any 'evidence of obvious incorrigibility' . . ." *United States v. Goings,* 200 F.3d 539, 541 (8th Cir. 2000) (<u>quoting</u> *United States v. Cook,* 972 F.2d 218, 222 (8th Cir. 1992); *Carey*, 898 F.2d at 646; *United States v. Estrada,* 965 F.2d 651, 653 (8th Cir. 1992). Even offenses which are minor and dissimilar to the offense of conviction may be considered as evidence of a risk of recidivism if they evince a defendant's "obvious incorrigibility." *United States v. Levi,*

3

229 F.3d 677 (8th Cir. 2000), citing *United States v. Herr,* 202 F.3d 1014, 1016 (8th Cir. 2000).

Under USSG §4A1.3; indeed, this is an encouraged basis for departure. *United States v. Washington*, 109 F.3d 459, 462 (8th Cir. 1997). This Court may depart upward in defendant's sentence. This defendant's criminal past and demonstrated history of incorrigibility justifies a sentence in excess of that called for by the guidelines. The instant conviction was in addition to defendant's two prior firearms violations.

"A district court may depart based on a factor encouraged as a basis for departure by the Sentencing Commission, provided that the applicable guideline does not already take the factor into account." *United States v. Lewis*, 235 F.3d 394, 396 (8th Cir. 2000). A district court may depart from the guidelines, even when the reasons are taken into consideration by the guidelines, if the district court determines that the weight attributed to the factor under the guidelines was inadequate. Id. Therefore, it is well within this Court's discretion to sentence defendant above 24 months.

Respectfully submitted,

CHARLES W. LARSON, SR.
United States Attorney

By: /s/Matthew J. Cole

Assistant United States Attorney
PO Box 74950
Cedar Rapids, IA 52407-4950
(319) 363-0091
(319) 363-1990 -fax
matthew.cole@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document to which this certificate is attached causing electronic notice to be provided to the parties or attorneys of record, shown below, on August 29, 2005.

UNITED STATES ATTORNEY

By: /s/Brenda Nietert

COPIES TO: Michael Mollman